**Ronald J. CALHOUN, Appellant,**

v.

**The UNITED STATES, Appellee.**

**No. 76–1902.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 16, 1977.

Decided June 21, 1977.

Francis B. Plattner, Arlington, Va., for appellant.

Mark H. Gallant, Atty., Dept. of Justice, Washington, D. C. (Rex E. Lee, Asst. Atty. Gen., Washington, D. C., William B. Cummings, U. S. Atty., Alexandria, Va., Leonard P. Schaitman and Nathan M. Norton, Jr., Atty., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BUTZNER and RUSSELL, Circuit Judges.

PER CURIAM:

The plaintiff, Ronald J. Calhoun, a United States Navy officer, sued the government to recover a portion of his pay which was withheld pursuant to a garnishment of his wages. The district court granted the government's motion for summary judgment.

On July 18, 1975, Calhoun's wife obtained a divorce which is embodied in an interlocutory judgment of the Superior Court of the State of California for the County of San Diego. The face of the judgment shows that service of process was had in accordance with California Code of Civil Procedure § 415.40, which provides for service by air mail, return receipt requested, where the person to be served is out of state. Calhoun received the process papers at his home in Virginia, but he did not answer or appear in the proceedings. Calhoun's attorney in the present action, both in the district court and on appeal, also was served. In addition to the divorce, the judgment awarded Mary Calhoun a total of $425.00 per month for alimony, child support and attorneys' fees.

On August 8, 1975, Mary Calhoun applied to the California court for an order for Issuance of Writ of Execution in the sum of $429.00, alleging no payment had been made. The court granted the application. The order, writ and notice of garnishment were served by mail on the United States at the Naval Family Allowance Activity at Cleveland, Ohio. A copy of the writ with a notice to the judgment debtor indicating a levy had been made on his wages was served on Calhoun by the San Diego County Marshal. Two weeks later the Activity notified Calhoun that his pay had been levied upon.

Calhoun's argument is that the money judgment against him is void because the California court did not have personal jurisdiction over him in the divorce action and, therefore, that the garnishment based on the void judgment is also void and the garnishee's payment is no defense to Calhoun's suit.

█ It is clear that the employer, on receipt of the garnishment notice, must give notice to its employee that it has been served so that the employee has the opportunity to defend himself. *See Harris v. Balk,* 198 U.S. 215, 25 S.Ct. 625, 49 L.Ed. 1023 (1904). The employer has a greater obligation only where the underlying judgment is void on its face.

█ In this case, the divorce judgment is facially valid. Service by mail was had in accordance with the California Code of Civil Procedure § 415.20. The asserted invalidity is the California court's lack of *in personam* jurisdiction over Calhoun. The question as to *in personam* jurisdiction will probably be whether Calhoun was a domiciliary resident or citizen of California. Calhoun is assuredly in a better position to effectively litigate that issue than is the United States. The United States was under no duty to contest the judgment, exposing itself to potential double liabilities. It was Calhoun's obligation to attack the judgment if he wished to avoid the deduction from his pay.

The judgment of the district court is accordingly

AFFIRMED.